UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :    CRIM. NO. 4:08-CR-296
                                :
             v.              :    (JUDGE CALDWELL)
                                :
JAMES BROWN                  :

## UNITED STATES' SENTENCING MEMORANDUM AND
## RESPONSE TO DEFENSE OBJECTION TO PRESENTENCE REPORT

This defendant deceived his prior sentencing court and the Bureau of Prisons by using an alias, James Brown, and by further claiming his true name was "James Monroe Allen", and that he was born in Pittsburgh, Pennsylvania. (See Presentence Report prepared for United States District Court of the Eastern District of Virginia, docket no. 3:93-CR-72.) He now admits that his true name is Allen Freeman, Jr., and that he was born in New York City. Because of this deception by the defendant spanning the approximately 15 years he was confined, his brother was not listed in his official BOP records. As a consequence, the defendant was unable to obtain a furlough to visit his dying brother - so he just escaped to do so. He now seeks a reduced sentence for his crime - after creating the circumstances "necessitating" his escape. The United States respectfully disagrees.

## Procedural History

On September 24, 2008, Brown was charged in a one-count Indictment with escape from the Lewisburg Federal Prison Camp in violation of 18 U.S.C. § 751(a). Pursuant to a written non-binding plea agreement he appeared before the Honorable James F. McClure,

Jr., on August 18, 2010, and entered a plea of guilty to the Indictment.

Following this guilty plea a presentence report (PSR) was prepared.  That PSR concluded with respect to his sentencing guideline range that Brown had a total offense level of "11", and a criminal history category of V.  (See PRS paras. 19 and 48).  As a consequence, his guideline range was determined to be 24 to 30 months.

Brown objects to this sentencing guideline calculation.  He claims that he is entitled to a four-level downward adjustment, pursuant to U.S.S.G. 2P1.1(b)(3), because his escape was from the "non-secure custody of a community corrections center, community treatment center 'halfway house' or similar facility."  Brown asserts that if the four-level adjustment is granted, his resulting guideline range would be 12-18 months.  The United States maintains that case law from the Third Circuit is contrary to Brown's claims.

## Statement of Facts

The facts are simple and not in dispute.  On January 21, 1994, the defendant was sentenced in the Eastern District of Virginia to 235 months imprisonment following a conviction for possession with intent to distribute a controlled substance.  As set forth at paragraph 44 of the PSR, the conviction was based on surveillance of Browns's travels between Virginia and New York and the execution of a search warrant resulting in the recovery of "4.2 kilograms of

powder cocaine, 416 grams of cocain base, 14.6 grams of heroin and 10.6 grams of marijuana." (PSR, para. 44).

On July 10, 2008, Brown was serving his sentence at the Federal Prison Camp in Lewisburg, Pennsylvania.  On that date he was not present for the 4:00 p.m. bed count, and a search of the area did not find the defendant.  The United States Marshals Service was contacted and began an investigation.  On July 24, 2008, Brown was indicted for escape.

On October 13, 2008, Brown was arrested in New York, and as set forth at PSR paragraph 45, was convicted of sexual abuse, 3rd degree for which he served 15 days confinement.  He was returned to the federal authorities in June, 2010, after serving his sentence for the offense set forth in paragraph 42 of the PSR.

## **Background**

With respect to imposing a sentence, the Third Circuit has set forth a three-step process that the district courts must follow in compliance with the Supreme Court's ruling in *United States v. Booker,* 543 U.S. 220 (2005):

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*;
>
> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account the Circuit's pre-*Booker* case law, which continues to have advisory force; and,

3

> (3) Finally, they are to exercise their
> discretion by considering the relevant §
> 3553(a) factors in setting the sentence they
> impose regardless whether it varies from the
> sentence calculated under the Guidelines.

*United States v.* Ali, 508 F. 3d 136, 142 (3d Cir. 2007); United

*States v. Gunter,* 462 F.3d 237, 247 (3d Cir. 2006) (quotation

marks, brackets, and citations omitted); *See United States v. King*,

454 F.3d 187, 196 (3d Cir. 2006); and *United States v. Cooper*, 437

F.3d 324, 330-30 (3d Cir. 2006).

**Step I**:

    In calculating a defendant's advisory guideline range, this

Court should "engage in precisely the same exercise in judicial

fact finding as it did" before *Booker, United States v. Miller*, 417

F.3d 358, 363 (3d. Cir 2005).  The Court must expressly rule on

"'any disputed portion of the presentence report or other

controverted matter. . . or determine that a ruling is unnecessary

either because the matter will not affect sentencing, or because

the court will not consider the matter in sentencing.'" *United

States v. Leahy*, 445 F.3d 634, 663 (3d Cir. 2006), *quoting* Fed. R.

Crim. P. 32(i)(3)(B).  This Court must make findings pertinent to

the guideline calculation by applying the preponderance of the

evidence standard, in the same fashion as was employed prior to

*Booker.  United States v. Grier,* 475 F.3d 556, 561-68 (3d Cir.

2007)(*en banc*).

**Step II**:

After this Court has determined the guideline range, it must "formally rul[e] on the [departure] motions of both parties and state[e] on the record whether [it is] granting a departure and how that departure affects the Guidelines calculation." *United States v. King*, 454 F.3d 187, 196 (3d Cir. 2006).  In considering a departure, "'the practices that have guided us and other courts in the twenty years since the Guidelines were first promulgated. . . continue to govern.'" *Ali*, 508 F.3d at 147-48.  The party seeking the departure bears the burden of proof by a preponderance of the evidence.  *United States v. Fisher*, 502 F.3d 293, 295, 305-08 (3d Cir. 2007) (overruling *United States v. Kikumura*, 918 F.2d 1084 (3d Cir. 1990)).  The Supreme Court outlined what is required of sentencing courts when considering a departure from the applicable Guideline range.  *Koon v. United States*, 418 U.S. 81, 92-96 (1996). In applying the *Koon* analysis the Third Circuit described the process as follows:

> First, identify the factor or factors that potentially take the case outside the Guidelines' "heartland" and make it special or unusual.  Second, determine whether the Guidelines forbid departures based on the factor, or do not mention the factor at all. Third, apply the appropriate rule: (1) if the factor is forbidden, the court cannot use it as a basis for departure: (2) if the factor is encouraged, the court is authorized to depart if the applicable guideline does not already take it into account; (3) if the factor is discouraged, or encouraged but already taken

> into account by the applicable guideline, the court should depart only if the factor is present to an exceptional degree, or in some other way makes the case different from the ordinary case in which the factor is present; or (4) if the factor is unmentioned, "the court must, after considering the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole, decide whether [the factor] is sufficient to take the case out of the Guideline's heartland."

*United States v. Ali*, 508 F.3d at 148, *citing United States v. Serafini,* 233 F.3d 758, 772 (3d Cir. 2000)(*quoting United States v. Iannone,* 184 F.3d 214, 226(3d Cir. 1999). If the Court declines to depart, the Court should indicate that "it is aware of its authority to depart, but that it chooses not to (or words to that effect)." *United States v. Vargas,* 477 F.3d 94, 104 & n.15 (3d Cir. 2007). If the Court decides to depart, it should analogize the extent of the departure to Guidelines adjustments, and employ the racheting procedure where required. *United States v. Colon,* 474 F.3d 95, 99 & n.8 (3d Cir. 2007). It should also make clear to what extent it is departing rather than varying under § 3553(a). *United States v. Floyd*, 499 F.3d 308, 311 & n.5 (3d Cir. 2007).

**Step III**:

Finally, the third step of the sentencing process, the Court must consider the advisory guideline range along with the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence. Specifically, the Section 3553(a)

6

factors a court must take into account in imposing a sentence must include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);
>
> (2) the need for the sentence: (A: to reflect the seriousness of the crime, promote respect for the law, provide just punishment, (B) afford adequate deterrence, (C) protect the public from further crimes, and (D) provide the defendant with needed education or vocational training, medical care, and other correctional treatment in the most effective manner, § 3553(a)(2);
>
> (3) the kinds of sentences available, § 3553(a)(3);
>
> (4) the applicable Guidelines sentence, § 3553(a)(4);
>
> (5) the pertinent policy statements of the Sentencing Commission, § 3553(a)(5);
>
> (6) the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and
>
> (7) the need to provide restitution to victims, § 3553(a)(7).

18 U.S.C. § 3553(a); *United States v. King,* 454 F.3d 187, 194 (3rd Cir. 2006). While this Court "must give meaningful consideration" to these factors, *Cooper* at 329, it should be noted that to some degree the factors overlap. *King,* supra at 194. "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors . . . .[A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or

the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *Cooper*, 437 F.3d at 329. *See also Rita v. United States*, 127 S.Ct. 2456, 2468 (2007)("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority."); *United States v. Schweitzer*, 454 F.3d 197, 205-06 (3d Cir. 2006).

## Discussion

### I.   Brown is not entitled to a four-level downward adjustment pursuant to U.S.S.G. § 2P1.1(b)(3).

Brown claims his escape from a Federal prison camp is from "non-secure" custody, thereby qualifying him for a four-level reduction.  As support for this claim he cites the case of *United States v. Hillstrom*, 988 F.2d 448 (3d Cir. 1993).  However, Brown's identical claims were rejected approximately 18 years ago by the Hillstrom case and its further appellate history.[1]  Hillstrom remains good law. Consequently, Brown's instant claims are without merit.

Hillstrom was convicted of escaping from the Allenwood Federal Prison Camp, admittedly a non-secure custody facility.  Like Brown, he claimed he was entitled to the four-level reduction pursuant to U.S.S.G. § 2P1.1(b)(3).  However, Judge McClure found Hillstrom was

---

[1]Curiously, Hillstrom was represented by the same counsel who currently represents Brown.

not entitled to the reduction because he concluded that although
the Allenwood Camp was a non-secure facility, it was not similar to
a community corrections center, community treatment center or a
halfway house - the facilities specifically mentioned in
§ 2P1.1(b)(3).  Hillstrom appealed Judge McClure's ruling.

The Third Circuit in *United States v. Hillstrom* remanded the
case to Judge McClure to conduct a hearing to develop a factual
record to determine whether the Allenwood Camp was "similar to" the
other listed facilities thereby meriting the four-level reduction.
*See United States v. Hillstrom*, 988 F.2d 448, 450 (3d Cir. 1993).
In accordance with that mandate, Judge McClure conducted a hearing,
received evidence, made extensive findings of fact, and continued
to rule that a federal prison camp from which *Hillstrom* escaped was
not "similar" to the listed community corrections facilities.  *See*
837 F.Supp. 1324 (M.D. Pa. 1993).  Therefore, he again denied the
request for the four-level reduction.  *Id.* at 1343. Once again,
*Hillstrom* appealed Judge McClure's decision to the Third Circuit,
who affirmed Judge McClure.  *See United States v. Hillstrom*, 37
F.3d 1490 (3d. Cir. 1994).  The United States Supreme Court denied
cert.  *See Hillstrom v. United States*, 514 U.S. 1028 (1995).
Consequently, Brown's instant claims were decided adversely to him
by the *Hillstrom* case, more than 15 years ago - at about the time
he began serving his sentence for the controlled substance offense.
Moreover, the decision in *Hillstrom* was recently reaffirmed, albeit

9

in the non-precedential case of *United States v. Hill*, 358 Fed.
Appx. 325 (3d. Cir. 2009).  Consequently, Brown's instant claims
are in direct conflict with Third Circuit case law and utterly lack
merit.  Simply put, he does not qualify for the four-level
reduction.[2] Brown's properly calculated guideline range is 24-30
months.

## II.  **This Offender**

At the outset, consideration of Section 3553(a)'s first
essential sentencing factor - the nature and circumstances of the
offense and the history and characteristics of the offender -
weighs heavily in favor of a sentence within the calculated
advisory guideline range of 24-30 months.  Brown asserts he "did
not leave to engage in any criminal behavior".  (Defense brief, p.
8).  However, his claim completely ignores the fact that his
"leaving" i.e. his escape from custody was in and of itself
criminal behavior.

Brown also claims that "his age certainly is a factor acting
against recidivism", and he quotes a study that confirms

---

[2]Brown also cites a case from this District wherein a
defendant "who walked away from the same prison camp in
Lewisburg" received a 9-month sentence of imprisonment, after
receiving a four-level reduction pursuant to § 2P1.1(b)(3).
(Defense Memorandum, p. 4).  Whether the Court in the cited case
knew about the *Hillstrom* decision and its ultimate result is
unknown.  However, in any event, it is respectfully submitted the
Court in that case misapplied the law of this Circuit and
erroneously granted the four-level reduction.  Brown's invitation
to this court to make the same mistake should be refused.

"recidivism drastically declines with the defendant's age, especially when the defendant is over the age of 50". (Defense brief, p. 10). However, his argument is somewhat ironic in that it completely overlooks the fact that this defendant disproved the cited study, not only by the instant offense, his escape from custody, but also by the commission of a second offense for which he was convicted while he was in escape status. (See PSR, para. 45). Therefore, the actions of this over-50 defendant belied the results of the study.

Brown also claims he has been punished already for his offense by the BOP in that he has received various disciplinary sanctions including 30 days in disciplinary segregation, and loss of: good time, commissary, visiting, and telephone privileges. (Defense Brief, p. 9). However, as the Third Circuit noted long ago, "prison disciplinary sanctions through loss of good time credit do not constitute a proper basis for a downward departure", nor a mitigating circumstance under § 3553(b). *United States v. Newby*, 11 F.3d 1143, 1149 (3d Cir. 1993)(footnote omitted).

Interestingly, Brown utterly ignores his prior criminal history as set forth in the PSR. His use of an alias throughout his last court proceeding in Virginia, completely masked his prior criminal history for the sentencing court. In fact, his criminal history category as set forth in the PSR for that court proceeding was listed as "I". However, his current criminal history category

is listed as a "V".  (See PSR, para. 48).  More importantly, that category "V" criminal history category doesn't even factor in the 21 other convictions amassed by this defendant.  (See PSR, paras. 21-41).

Once Brown was designated to a federal prison camp from which he could easily escape, he simply got back to his life of crime which has been his hallmark since age 19.  Despite his history of repeated offenses, he would now have us believe that he has changed his ways and will commit no more offenses.  However, the best indicator of his future conduct is his past behavior, which is replete with criminal offenses, including his latest offense committed while in escape status.

Finally, when one considers Section 3553(a)'s admonition that a fair sentence reflects the seriousness of the offense, provides just punishment and promotes respect for the law, it becomes apparent that justice calls for a sentence within the calculated guideline range.  Escaping from prison is a serious offense meriting significant punishment to deter others similarly situated, and to promote essential respect for the law.

## Conclusion

Despite being well over age 50, Brown committed two criminal offenses - the escape and the sexual abuse offense listed in paragraph 45 of the PSR.  He was serving a 235 month sentence when he escaped, and through his own deceptive actions, he was serving the sentence under an alias that completely masked his prior criminal record.  He has 21 prior convictions that do not even factor into this category V criminal history.  Considering all the circumstances of his case, the calculated guideline range of 24-30 months seems quite appropriate, and pursuant to the terms of the plea agreement, the United States recommends a 24-month consecutive sentence.

Respectfully submitted,

PETER J. SMITH
United States Attorney


By   s/Wayne P. Samuelson
WAYNE P. SAMUELSON
Assistant United States Attorney
PA ID 22004
Herman T. Schneebeli Federal Bldg.
240 West Fourth Street, Suite 316
Williamsport, PA 17701-6465
Tele:  (570) 326-1935
FAX:  (570) 326-7916
E l e c t r o n i c    M a i l :
Wayne.Samuelson@usdoj.gov

Dated: April 7, 2011

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :   CRIM. NO.  4:08-CR-296
                              :
              v.              :   (JUDGE CALDWELL)
                              :
JAMES BROWN                   :


**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing

**UNITED STATES' SENTENCING MEMORANDUM**

to be electronically mailed on April 7, 2011, to:

ADDRESSEE:      Toni_Byrd@fd.org


                              s/Wayne P. Samuelson
                              WAYNE P. SAMUELSON
                              Assistant United States Attorney

Date: April 7, 2011